ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
DENISE L. DIAZ (SBN 159516)
ddiaz@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

*E-filing*

EMC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CATHERINE SULLIVAN, on behalf of herself
and all others similarly situated,

        Plaintiff,

      v.

KELLY SERVICES, INC., and DOES 1 through
10 inclusive,

        Defendants.

Case No.:

CV 08 3893

CLASS ACTION

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF:**

1. **VIOLATION OF LABOR CODES
   §§ 203, 226, 1194 and 2802**

2. **UNFAIR BUSINESS PRACTICES
   (Violation of California Business and
   Professions Code §§ 17200 *et seq.*)**

1  Plaintiff Catherine E. Sullivan (hereafter "Plaintiff"), by and through her attorneys, alleges
2  upon personal knowledge as to herself and her acts stated herein, and upon information and belief
3  as to all other matters, as follows:

# I. INTRODUCTION

4

5  1.  This class action is on behalf of several classes of current and former employees of
6  Defendant KELLY SERVICES, INC. ("Defendant" or "KELLY SERVICES").  Defendant failed
7  to pay these workers for all hours worked, and failed to reimburse them necessary expenditures
8  incurred in direct consequence of the discharge of their duties in violation of California Labor
9  Code §§ 1194 and 2802.

10  2.  Plaintiff, CATHERINE E. SULLIVAN, was hired by KELLY SERVICES on
11  March 1, 2006.  During her employment with Defendant, Sullivan, at the direction of Defendant,
12  attended at least four different interviews with Defendant's customers.  The purpose of Plaintiff
13  going on such interviews was to aid Defendant in securing business by presenting herself and her
14  skills in a manner so as to ensure that the customer would select KELLY SERVICES to fill its
15  temporary staffing needs.  In going on interviews as directed by Defendant, Plaintiff incurred
16  expenses, including, but not limited to, mileage, parking costs and bridge tolls.  Defendant did not
17  pay Plaintiff for the hours she worked going on interviews or reimburse Plaintiff's expenses
18  incurred in connection with those interviews.  Consequently, Plaintiff is entitled to her unpaid
19  wages and expenses under Labor Code §§ 1194 and 2802.

20  3.  Plaintiff is informed and believes and thereon alleges that Defendant's practice of
21  not paying its employees for all hours worked and not reimbursing its employees for expenses
22  extends to hundreds of people formerly and currently employed by Defendant, going back four
23  years.

24  4.  California law, as set forth in Labor Code § 1194, states that any employee
25  receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid
26  balance of the full amount of his or her minimum wage compensation.

27  5.  California law, as set forth in Labor Code § 2802, requires an employer to
28  reimburse an employee for all necessary expenditures incurred by the employee in direct

1

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

6.      Plaintiff seeks all available remedies for violations of Labor Code §§ 203, 1194, and 2802 and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's violation of California's Unfair Competition Law.

## II. JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, *et seq*.

8.      Plaintiff Sullivan's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Assignment to the Oakland Division is proper because a substantial part of the conduct which gives rise to the claims asserted herein occurred in the County of Marin in that Plaintiff Sullivan is a resident of the County of Marin and transacted business with Defendants in San Rafael, California, County of Marin.

## III. THE PARTIES

9.      Plaintiff Catherine E. Sullivan is a California resident.  She worked for KELLY SERVICES as a temporary employee sent to Managed Health Network to work on projects from March 16 through August 11, 2006.

10.     Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns and/or operates temporary agencies in California.  Defendant sends people it hires to work on projects for its clients throughout the state.

## IV. FACTUAL BACKGROUND

14.     During her employment with Defendant, Plaintiff was sent by Defendant to interview with Defendant's customers on at least four different occasions.  The purpose of the interviews was, in part, to convince the customer to select a Kelly Services temporary staffing employee to fill its temporary staffing needs.

2

15.     Plaintiff spent time and incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls, when she went on these interviews.

16.     Defendant did not pay Plaintiff for the hours she worked attempting to secure business for Defendant.  Defendant also did not reimburse Plaintiff for the expenses she incurred performing this work.

## V.  CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action individually and on behalf of a class of people similarly situated.  This action is maintainable as a class action because it meets all the prerequisites of FED. R. CIV. P. 23(a)(1)-(4).  In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b).  Questions of law and fact common to the classes predominate over questions affecting individual members.  This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.  Therefore, a class action is superior to other methods of adjudicating the claims.

22.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of failing to pay workers for all hours worked and failing to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties.

23.     **Definition of the Classes.**  Plaintiff brings this action on behalf of herself and the following classes of current and former California KELLY SERVICES employees:

A.     Section 1194 Class:  All temporary staffing employees of Defendant in California, who, during the four years prior to the original filing of this action through the date this action is resolved, were not compensated for time spent preparing for and going on interviews with Defendant's customers and potential customers.

B.     Section 2802 Class:  All temporary staffing employees of Defendant in California who, during the four years prior to the original filing of this action through the date this action is resolved, were not reimbursed necessary expenditures incurred in direct consequence of the discharge of

3

COMPLAINT                                                     Case No.

their duties in connection with attending interviews with Defendant's customers and potential customers.

Plaintiff reserves the right to amend or modify the class descriptions, or to seek to limit certification to specific issues.

24.     **Numerosity of the Classes**.  The Classes referenced in Paragraph 23 above are so numerous that individual joinder of all members of each Class is impractical under the circumstances of this case.  While the exact number of the members of each Class is unknown to Plaintiff at this time and can only be ascertained after discovery directed to Defendant, Plaintiff believes and therefore alleges that each of the Classes consist of at least several hundred individuals.

25.     **Typicality of Claims**.  Plaintiff's claims are typical of the claims of the members of each of the Classes, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members she seeks to represent.  Plaintiff and all Class Members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein.  The damages sustained by each member of the Classes were caused directly by Defendant's wrongful conduct, as alleged herein.

26.     **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff's claims are not antagonistic to those of the members of the Classes.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action vigorously.

27.     **Community of Interest; Existence and Predominance of Common Questions of Law or Fact**.  Common questions of law and fact exist as to all members of each of the Classes that predominate over any questions affecting only individual Class Members.  These common legal and factual questions, which do not vary among members of each of the Classes, and which may be determined without reference to the individual circumstances of any member of a class include, but are not limited to, the following:

4

COMPLAINT                                                    Case No.

(a) Does KELLY SERVICES maintain a policy of not paying its employees for work performed in connection with preparing for and attending interviews with its customers and potential customers?

(b) Is KELLY SERVICES liable for failure to pay minimum wages in accordance with Labor Code § 1194?

(c) Is the violation of Labor Code § 1194 a basis upon which an unfair business practice cause of action can be maintained?

(d) Does KELLY SERVICES maintain a policy of not reimbursing its employees for expenses incurred in the discharge of their duties in connection with attending interviews with Defendant's customers and potential customers?

(e) Is KELLY SERVICES liable for failure to reimburse its employees in accordance with Labor Code § 2802?

(f) Is the violation of Labor Code § 2802 a basis upon which an unfair business practice cause of action can be maintained?

28.    **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of these controversies, since individual litigation of the claims of each Class Member is impracticable.   Even if every individual Class Member could afford individual litigation, the court system could not.   It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.   By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of each class. Plaintiff anticipates no difficulty in the management of this action as a class action.

29.    The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that would be dispositive of the interests of the other Class Members

5

1  not parties to such adjudications or that would substantially impair or impede the ability of such
2  non-party Class Members to protect their interests.

3      30.    The prosecution of individual actions by Class Members would establish
4  inconsistent standards of conduct for Defendant.

5      31.    Defendant has acted or has refused to act in a manner generally applicable to the
6  members of each Class, thereby making appropriate final and injunctive relief or corresponding
7  declaratory relief with regard to members of each Class as a whole, as requested herein.
8  Likewise, Defendant's conduct as described above is unlawful, continuing and capable of
9  repetition and will continue unless restrained and enjoined by the Court.

10  

**FIRST CAUSE OF ACTION**

11  

**(Violation of Labor Code §§ 1194 and 203)**

12      32.    Plaintiff herein repeats and re-alleges each and every paragraph above as though
13  fully set forth herein.

14      33.    KELLY SERVICES employed and sent Plaintiff and other Section 1194 Class
15  Members on interviews with its customers and potential customers. The purpose of Defendant
16  sending employees like Plaintiff and other Section 1194 Class Members on these interviews was,
17  in part, to secure business for KELLY SERVICES. That is, if the customer or potential customer
18  liked the KELLY SERVICES employee being interviewed and selected KELLY SERVICES to
19  perform work for it, Defendant would receive payment from the customer and obtain the benefit
20  of an ongoing business relationship with the customer.

21      34.    Defendant did not pay Plaintiff for the time she spent preparing for and attending
22  interviews and is informed and believes that Defendant also did not pay Section 1194 Class
23  Members for time spent interviewing.

24      35.    Defendant's failure to pay Plaintiff and other Section 1194 Class Members for all
25  hours worked violates the Labor Code § 1194, and Plaintiff, on her behalf and on behalf of all
26  Section 1194 Class Members seeks compensation, including interest thereon, for all unpaid hours
27  for the three years preceding the filing of the Complaint and continuing therefrom. Plaintiff, on
28

COMPLAINT                             Case No.

1  behalf of herself and all other Section 1194 Class Members, seeks costs and attorneys' fees as
2  provided for by statute.

3     36.   Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Section
4  1194 Class Members who are former employees one day of wages for each day their wages were
5  late up to a maximum of 30 days of wages.

6                        **SECOND CAUSE OF ACTION**

7  **(Violation of Cal. Business & Professions Code §§ 17200, _et seq._ – Labor Code § 1194)**

8     37.   Plaintiff herein repeats and re-alleges each and every paragraph above as though
9  fully set forth herein.

10    38.   At all times relevant herein, Defendant has violated the provisions of Labor Code
11  § 1194.

12    39.   Defendant's conduct described above in this Complaint constitutes an unfair and
13  unlawful business practice in violation of the provisions of California Business & Professions
14  Code §§ 17200, _et seq._

15    40.   Plaintiff, on her own behalf and on behalf all other similarly situated persons seeks
16  restitution for all losses caused by not being paid for the hours worked going on interviews with
17  Defendant's customers and potential customers, which is a violation of Labor Code § 1194.

18    41.   Plaintiff further demands an injunction against Defendant enjoining it from all
19  future violations of Labor Code § 1194 and requiring it to pay its California employees for hours
20  worked going on interviews with Defendant's customers and potential customers.

21    42.   Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of
22  Civil Procedure § 1021.5.

23                        **THIRD CAUSE OF ACTION**

24  **(Failure to Reimburse Expenses in Violation of Labor Code § 2802)**

25    43.   Plaintiff herein repeats and re-alleges each and every paragraph above as though
26  fully set forth herein.

27    44.   At all times herein relevant, Labor Code § 2802 provided that employers must
28  reimburse and/or indemnify their employees for all expenses incurred by the employee in direct

7

COMPLAINT                                          Case No.

1   consequence of his or her discharge of his or her duties or of his obedience to the directions of his

2   employer.

3         45.     If an employer fails to comply with Labor Code § 2802, it is liable to the employee

4   for expenses incurred by the employee pursuant to Labor Code § 2802, plus interest from the date

5   on which the employee incurred the necessary expense and attorneys' fees and costs required to

6   obtain reimbursement as specified by Labor Code § 2802.

7         46.     Defendant failed to reimburse Plaintiff for the expenses she incurred attending

8   interviews with Defendant's customers.  On information and belief, Defendant also failed to

9   reimburse Section 2802 Class Members for expenses they incurred attending interviews with

10   Defendant's customers and potential customers.

11         47.     As a result of Defendant's failure to comply with the provisions of Labor Code §

12   2802, Plaintiff and Section 2802 Class Members have suffered damages.  Plaintiff, individually

13   and on behalf of the Section 2802 Class Members, requests reimbursement for the expenditures

14   and losses incurred in the discharge of their respective duties, according to proof, including

15   attorneys' fees provided for in Labor Code § 2802.

16                                   **FOURTH CAUSE OF ACTION**

17            **(Violation of Cal. Business & Professions Code § 17200 – Labor Code § 2802)**

18         48.     Plaintiff herein repeats and re-alleges each and every paragraph above as though

19   fully set forth herein.

20         49.     At all times relevant herein, Defendant has violated the above cited provisions of

21   Labor Code § 2802.

22         50.     Defendant's conduct described above in this Complaint constitutes an unfair and

23   unlawful business practice in violation of the provisions of California Business & Professions

24   Code §§ 17200, *et seq.*

25         51.     Plaintiff, on her own behalf and on behalf all other similarly situated persons, seeks

26   restitution for all out-of-pocket costs incurred and/or losses caused by having to incur expenses in

27   direct consequence of the discharge of their duties, and/or of their obedience to Defendant's

28   directions, that were not reimbursed, which is a violation of Labor Code § 2802.

COMPLAINT                                                Case No.

52.    Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code § 2802 and requiring it to reimburse its California employees for expenses that are incurred by employees in direct consequence of the discharge of their duties and/or of their obedience to Defendant's directions.

53.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

54.    Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

55.    At all times relevant herein, Labor Code § 226 required that employers provide employees with itemized wage statements showing total hours worked.  Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a wage statement without the required information, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a total of $4,000, plus costs and attorneys' fees.

56.    Defendant knowingly and intentionally failed to provide Plaintiff and the Section 1194 Class Members with timely and accurate wage statements as required by Labor Code § 226(a).  As a result, Plaintiff and all Section 1194 Class Members are entitled to the maximum amount of damages, costs and attorneys' fees allowed by Labor Code § 226(e) for the three year period preceding the filing of the Complaint and continuing therefrom.

57.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code § 226(e).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant, as follows:

## CLASS CERTIFICATION:

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the alleged classes; and

9

COMPLAINT                                                                Case No.

3.    That Counsel for Plaintiff be appointed as class counsel.

**AS TO THE FIRST CAUSE OF ACTION:**

4.    Upon the First Cause of Action, for all wages due Plaintiff and Section 1194 Class Members in an amount according to proof, with interest thereon from the date such wages were due; and

5.    For reasonable attorneys' fees and costs allowed by law and according to proof.

**AS TO THE SECOND CAUSE OF ACTION:**

6.    For restitution and/or disgorgement of profits as allowed by law and according to proof;

7.    For injunctive relief; and

8.    For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

**AS TO THE THIRD CAUSE OF ACTION:**

9.    Upon the Third Cause of Action, compensatory damages in an amount, according to proof at time of trial, owed to Plaintiff and Section 2802 Class Members representing the amount of unpaid reimbursements for the expenditures and losses incurred in the direct discharge of their respective duties for the applicable limitations period preceding the filing of this Complaint, up to and including the present;

10.   For reasonable attorneys' fees and costs allowed by law and according to proof; and

11.   For statutory interest.

**AS TO THE FOURTH CAUSE OF ACTION:**

12.   For restitution and/or disgorgement of profits as allowed by law and according to proof;

13.   For injunctive relief; and

14.   For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

\\

\\

10

COMPLAINT                                          Case No.

## AS TO THE FIFTH CAUSE OF ACTION:

15.    For the maximum amounts provided by Labor Code § 226(e) for the violations of Defendant of Labor Code § 226(a) owed to Plaintiff and Section 1194 Class Members for the three years preceding the filing of the original Complaint and continuing therefrom; and

16.    For attorneys' fees and costs pursuant to Labor Code § 226(e).

## JURY TRIAL DEMAND

24.    Plaintiff demands a trial by jury as to all claims and causes of action to which a jury trial allowed by law.

Dated: August 14, 2008                                    Respectfully submitted,

                                                          **KELLER GROVER LLP**

                                          By: _Eric A. Grover /ago_
                                                          ERIC A. GROVER
                                                          Attorneys for Plaintiff

---

11

COMPLAINT                                                 Case No.