IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELLY SERVICES, INC. and DOES 1 TO 10, inclusive,<br><br>　　　　Defendants.　　　　　　　／ | No. C 08-3893 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL |

　　Defendant Kelly Services, Inc. moves for an order certifying an interlocutory appeal of the question addressed in the Court's October 16, 2009 Summary Judgment Order: Does "California law require a temporary staffing agency to pay its employees for time and expense relating to interviews with a staffing agency's customer?"  October 16, 2009 Order at 1.  Plaintiff opposes the motion.  The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies Defendant's motion.

　　Pursuant to 28 U.S.C. § 1292(b), a district court may certify

an appeal of an interlocutory order only if three factors are present.  First, the issue to be certified must involve a "controlling question of law."  28 U.S.C. § 1292(b).  Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

Second, there must be "substantial ground for difference of opinion" on the issue.  28 U.S.C. § 1292(b).  A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing.  Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800.  Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case.  Id.  In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation."  In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800.  If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified.  Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

"Section 1292(b) is a departure from the normal rule that only

2

final judgments are appealable, and therefore must be construed narrowly." <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it.  <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978).  The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances.  <u>Id</u>. A court has substantial discretion in deciding whether to grant a party's motion for certification.  <u>Brown v. Oneonta</u>, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) <u>rev'd in part on other grounds</u>, 106 F.3d 1125 (2nd Cir. 1997).

    Defendants argue that there are substantial differences of opinion on controlling questions of law regarding the issue they wish to appeal because it has not been directly addressed by the Ninth Circuit or any other court in the county.  However, "'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion under § 1292(b).'"  <u>In re Conseco Life Ins. Cost Of Ins. Litig.</u>, 2005 WL 5678841, at *7 (C.D. Cal.) (citing <u>Flor v. Bot Financial Corp.</u>, 79 F.3d 281, 284 (2d Cir. 1996); <u>see also</u> <u>Lenz v. Universal Music Group</u>, 2008 WL 4790669, at *2 (N.D. Cal.).  Similarly, "'substantial ground for difference of opinion does not exist merely because there is a dearth of cases.'"  <u>S.A. v. Tulare County Office of Educ.</u>, 2009 WL 331488, at *6 (E.D. Cal.) (Citing <u>White v. Nix</u>, 43 F. 3d 374, 378 (8th Cir. 1994).

Defendant argues that continuing the litigation will be time-consuming, expensive and a potential waste of judicial resources if, after trial, the Ninth Circuit disagrees with the Court's summary judgment ruling. Because Plaintiff asserts only one claim, an interlocutory appeal, if successful, would likely advance the ultimate termination of this litigation. This is true any time a case-dispositive motion is denied. However, if the appeal were to fail, the termination of the litigation would be delayed, and the Court of Appeals would be burdened with a second appeal.

Finally, there are no exceptional circumstances warranting interlocutory appeal. For the foregoing reasons, Defendant's motion for certification of an interlocutory appeal is denied. Docket No. 45.

IT IS SO ORDERED.

Dated: 04/07/10

CLAUDIA WILKEN
United States District Judge