IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN,<br><br>      Plaintiff,<br><br>  v.<br><br>KELLY SERVICES, INC. and DOES 1 TO 10, inclusive,<br><br>      Defendants.<br>_____/ | No. C 08-3893 CW<br><br>ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION CONCERNING CLASS NOTICE AND DENYING DEFENDANT'S ADMINISTRATIVE MOTION CONCERNING CLASS NOTICE (Docket Nos. 82 and 84) |

    In this wage-and-hour class action, the Court has granted partial summary judgment in favor of Plaintiff Catherine Sullivan after concluding that, under California Labor Code § 1194, she is entitled to compensation for all hours she worked by interviewing with Defendant Kelly Services, Inc.'s customers.  The Court has also certified the following class:

> All individuals who were or are employed by Kelly Services, Inc. as a temporary employee within the State of California at any time between August 14, 2004 and the date the trial commences in this action, and who attended at least one interview with a Kelly consumer.

"Temporary employee" is defined as a person "who worked at least one day on an assignment with a Kelly customer within Kelly's commercial or non-commercial divisions."  Pl.'s Motion for Class Certification at 1 n.3.  A sub-class of class members who are no longer employed by Defendant has also been certified.

    Plaintiff now moves for an order requiring that class notice

be distributed no later than January 21, 2011 and that Defendant pay all notice-related costs. Defendant asks the Court to defer ruling on these class notice issues until after it resolves Defendant's decertification motion, which is to be filed on January 28, 2011 and set to be heard on April 21, 2011. Defendant also opposes Plaintiff's request that it be ordered to cover the costs of notice.

Defendant does not persuade the Court that notice should be delayed until after its impending decertification motion is resolved. Accordingly, notice shall be disseminated no later than January 21, 2011.

Further, Defendant shall bear the costs of notice. "The usual rule is that a plaintiff must initially bear the cost of notice to the class." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). Although district courts should not stray from this general rule, they have discretion to shift costs of notice to defendants in certain circumstances. Hunt v. Imperial Merchant Servs., Inc., 560 F.3d 1137, 1143 (9th Cir. 2009), cert. denied, 130 S. Ct. 154 (2009). For instance, "courts may order a class action defendant to pay the cost of class notification after they determine that the defendant is liable on the merits." Hunt, 560 F.3d at 1144; see also id. at 1143 (discussing, with approval, treatise stating that "'interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure'") (quoting 3 William B. Rubenstein, et al., Newberg on Class Actions § 8:6 (4th ed.

2

2007)).

Here, as noted above, the Court has summarily adjudicated that Defendant must compensate Plaintiff for the time she spent interviewing with Defendant's customers. Further, the Court has ruled that her circumstances are typical of class members. Thus, the Court's conclusions on the parties' summary judgment motions apply with equal force to the class.

Defendant argues that <u>Hunt</u> is distinguishable because, in that case, the district court granted summary judgment and class certification simultaneously. Defendant suggests that, based on this timing, the district court ruled explicitly on the rights of the class. However, the district court's summary judgment order made no mention of the merits of the class action; as in this case, the district court in <u>Hunt</u> decided the merits of the named plaintiffs' claims. <u>See generally</u> Order of March 21, 2007 Denying Defendant's Motion for Summary Judgment and Granting in Part Plaintiffs' Motion for Summary Judgment, <u>Hunt v. Check Recovery Sys., Inc.</u>, No. 05-4993 MJJ (N.D. Cal.). Further, Defendant points to nothing in the Ninth Circuit's decision showing that the simultaneity of the district court's ruling controlled the outcome. Here, as in <u>Hunt</u>, the shifting of costs is based on the Court's ruling on Defendant's liability. Unless the law changes or the facts are shown to be different, this ruling applies to the class. The Court does not expect another summary judgment motion.

Accordingly, the Court GRANTS Plaintiff's administrative motion concerning class notice (Docket No. 82) and DENIES Defendant's administrative motion regarding the same (Docket No.

3

1  84).  Notice shall be disseminated by January 21, 2011.  Because
2  the Court has ruled on the merits of Defendant's liability,
3  Defendant shall bear the costs of notice to the class.
4       IT IS SO ORDERED.

Dated: January 5, 2011

CLAUDIA WILKEN
United States District Judge