ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>KELLY SERVICES, INC, and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. CV 08-03893 CW<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: April 21, 2011<br>Time: 2:00 p.m.<br>Crtrm: 2, 4th Floor<br><br>Hon. Claudia Wilken |

The unopposed motion of Plaintiff Catherine E. Sullivan and the Class ("Plaintiffs" or the "Class") for an order preliminarily approving a class action settlement between Plaintiff Catherine Sullivan and Defendant Kelly Services, Inc. ("Defendant") (collectively the "Parties") and setting a final approval hearing came on for hearing on April 21, 2011, the Honorable Claudia Wilken presiding. The Court has considered the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Stipulation"), Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Class Notice") and the Claim Form

(Exhibits 1 and 2, respectively, to the Stipulation), the written submissions of counsel, and oral argument. The matter having been submitted and good cause appearing therefore, the Court hereby finds and orders as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with this Court.

2. The Court finds on a preliminary basis that the proposed settlement memorialized in the Stipulation is within the range of reasonableness and hereby grants preliminary approval of the settlement. The Court's finding is based, in part, on the parties' representations at the April 21, 2011 hearing that each Qualified Claimant will receive at least $12 per Covered Interview, so long as to the total claims of the Qualified Claimants do not exceed 100 percent of the Maximum Net Fund Value. The parties shall ensure that this professed plan of allocation is carried out.

3. The Court finds that, for the purposes of approving this settlement, the proposed settlement Class continues to meet the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of Plaintiff Catherine Sullivan are typical of the claims of the members of the proposed Class and Plaintiff Catherine Sullivan is an adequate representative of the Class; (d) Keller Grover LLP will fairly and adequately protect the interests of the Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

4. The Court hereby confirms its prior appointments of Plaintiff Catherine E. Sullivan as Class Representative and Keller Grover LLP as Class Counsel.

5. The Court hereby appoints Rust Consulting, Inc. as the Claims Administrator.

6. The Parties have also presented to the Court for review a plan to provide notice to the Class of the terms of settlement and the options facing the Class, including whether to

request exclusion from the settlement or object to the settlement. The notice plan proposed by the Parties in the Stipulation is the best practical notice under the circumstances. The Class Notice and the Claim Form, attached to the Stipulation as Exhibits 1 and 2 respectively, are hereby approved, subject to the parties making the changes listed below:

    a. In § F on page 5, omit the clause stating "or on the Court's website at http://www.cand.uscourts.gov/home." The Settlement documents are not available on the Court's website. As Plaintiff indicated during the preliminary approval hearing, Class Counsel will revise this section to refer to Class Counsel's firm's website.

    b. In the last, center-justified paragraph of § F, replace "OR THE PARTIES" with ", PLAINTIFF or DEFENDANT" so that the sentence reads, "PLEASE <u>DO NOT</u> CALL OR WRITE THE COURT, PLAINTIFF OR DEFENDANT ABOUT THIS NOTICE."

    c. In the last, center-justified paragraph of § F, insert "LISTED ABOVE" after "TO THE ATTORNEYS" so that the sentence reads, "INQUIRIES SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR OR THE ATTORNEYS LISTED ABOVE."

    d. On page 5, omit "COURT" so that the title reads "UNITED STATES DISTRICT JUDGE."

7. Not later than twenty (20) calendar days after the Court's entry of this Order granting preliminary approval, Defendant shall provide the Claims Administrator with the information necessary to conduct the mailing of the Class Notice and the Claim Form, as set forth in the settlement Stipulation at ¶ 19. The Claims Administrator must mail (and, where possible, email) the Class Notice and the Claim Form to Class Members not later than thirty-five (35) calendar days after the Court's entry of this Order granting preliminary approval and pursuant to the applicable provisions in the Stipulation.

8.      Any request for exclusion to the settlement must be postmarked no later than sixty (60) calendar days after the date on which the Class Notices are first mailed.

9.      Any written objection to the settlement must be served and filed with the Court, along with a Notice of Intention to Appear, no later than sixty (60) calendar days after the date on which the Class Notices are first mailed.  Written objections also must be served on Class Counsel and Defendant's counsel.

10.     Plaintiff's application for attorneys' fees, costs, and her enhancement award and general release payment shall be filed no later than fourteen (14) calendar days before the date Class Members' objections are due.  The application shall include Plaintiff's attorneys' lodestar calculations, and an itemization of Plaintiff's efforts on behalf of the Class.  The application shall be made available for review on Class Counsel's firm's website.

11.     Defendant shall make any required notifications of the settlement under 28 U.S.C. § 1715 within 10 court days of the date of this Order granting preliminary approval and file proof of any such notifications with the Court within 15 court days of this Order granting preliminary approval.

12.     The Court will conduct a Final Approval Hearing on September 15, 2011 at 2:00 p.m. to determine the overall fairness of the Settlement and to fix the amount of attorneys' fees and costs to Class Counsel and enhancement award and general release payment to the Class Representative.  Plaintiff shall file her motion for final approval of the settlement at least thirty-five (35) days before the Final Approval Hearing, unless there will be no opposition or reply papers, in which case the motions may be filed up to twenty-one (21) days before the Final Approval Hearing.

**IT IS SO ORDERED.**

Dated: April 21, 2011

_____
HON. CLAUDIA WILKEN
United States District Judge